UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF OTTO ZEHM, deceased, et al.<br><br>         Plaintiffs,<br><br>vs.<br><br>CITY OF SPOKANE, et al.,<br><br>         Defendants. | No. CV-09-0080-LRS<br><br>**PROTECTIVE ORDER RE: USE & DISCLOSURE OF UNITED STATES' CRIMINAL (non-Rule 6(e)) MATERIALS THIRD PARTY INFORMATION & RECORDS** |

THIS MATTER having come before the Court concerning the disclosure and use of the United States Department of Justice's criminal case investigation materials (i.e., non-Rule 6(e) materials - *see list attached as Exhibit A, infra),* which contains medical, personnel, and/or financial records and information involving the parties, witnesses or possibly other third parties.  The Court, based on the United States' motion (Ct. Rec. 114), and this Court's October 26, 2009, Order, (Ct. Rec. 92), finds that good cause exists for the entry of a Protective Order concerning these materials, and therefore it is  hereby

ORDERED that the following materials shall be subject to the Protective Order and shall not be disclosed to any individual except provided below, <u>and</u> only to the extent necessary for each party's preparation of its case in chief, claims and defenses, <u>and</u> only pursuant to the following terms and conditions:

1.This protective order applies to those materials identified on that certain letter from Assistant U.S. Attorney Tim Durkin dated December 9, 2009, attached as Exhibit A hereto and any and all health care information relating to Otto Zehm,

PROTECTIVE ORDER RE: GOVT.'S DISCLOSURE OF CRIMINAL
DISCOVERY TO CIVIL LITIGANTS (i.e., Non-Rule 6(e)/302 Disclosures)
page 1

P60317tr.TDA.wpd

individual Defendants and/or third party individuals contained in the United States' investigative files, including but not limited to records and information acquired from any health care provider, which reflect examination(s), medical testing, diagnoses of conditions, and/or any treatment or care provided, as well as autopsy records.

2. This protective order applies to any and all records related to Otto Zehm, individual Defendants and/or third party individuals that are protected by Title 42 of the Code of Federal Regulations, Part 2, relating to psychological and/or psychiatric records, if any; social services records, if any; records of Human Immunodeficiency Virus (HIV) testing, including results, if any; records of Acquired Immunodeficiency Syndrome (AIDS), ARC (AIDS related Complex), if any; records of communicable diseases, if any; and records related to the use and/or abuse of drugs and/or alcohol, and/or the diagnoses and/or treatment of any chemical or alcohol dependency condition, if any;

3. This protective order applies to personnel records acquired through the grand jury process and any and all records involving the personal financial information of any third party, including any and all identifiable third party personal bank account and transaction information, if any;

4. Plaintiffs, Defendants and/or their respective attorneys shall communicate the confidentiality and/or restrictions on the use and access to this medical information, employment information, financial information, and any other designated Privacy Act information, to any and all persons who are provided access to this otherwise confidential information, as identified and authorized below.

5. The disclosure of the confidential and protected medical, employment, and financial records, and any other such materials that have been provided to the civil litigants by the United States, shall be limited for use solely by the Plaintiffs and their

PROTECTIVE ORDER RE: GOVT.'S DISCLOSURE OF CRIMINAL DISCOVERY TO CIVIL LITIGANTS (i.e., Non-Rule 6(e)/302 Disclosures)
page 2

P60317tr.TDA.wpd

counsel, Defendant Thompson and his counsel, the remaining civil defendants and their counsel, and any investigator (if any), expert(s) (if any),

6. The information in the protected materials may be used in connection with the respective parties' investigation and the preparation of the parties' cases, as well as in connection with filings to the Court. However, no further disclosures (i.e., dissemination, showing of subject records and/or copies) outside those persons authorized by this court to review the protected materials will be allowed without prior approval of this Court, or through other Court order.

7. This Order does not apply to materials and information that are otherwise available outside of the United States' criminal discovery disclosures (i.e,. Public Records, Public Records Act, etc.). However, nothing contained in this order shall be construed as providing discovery to either party beyond that which is permitted in that certain criminal law proceeding entitled *United States v. Karl F. Thompson, Jr., Eastern District of Washington Cause No. CR-09-0088-FVS*.

8. The foregoing does not waive any party's right to move to modify (i.e., restrict or expand) the scope of this protective order. However, until such time as this Court or another Court modifies the terms of the protective order, all use and/or disclosure of the subject protected materials will be governed by said protective order.

9. The United States may designate at the time of disclosure those records and/or materials that it believes fall within the parameters of this protective order. If Defendants disagree with the United States' designation, they can contest the designation through the normal motion process. Defendants have ten (10) days from the date of disclosure to challenge the United States' designation for use in this case. Absent a timely challenge, the United States' designation shall control until such time

PROTECTIVE ORDER RE: GOVT.'S DISCLOSURE OF CRIMINAL
DISCOVERY TO CIVIL LITIGANTS (i.e., Non-Rule 6(e)/302 Disclosures)
page 3

P60317tr.TDA.wpd

as this Court or another Court modifies the terms of the protective order and/or the United States' designation of materials subject to this protective order.

10. In the event there are any inadvertent disclosures of attorney-client and/or work product privilege materials, and the source party/entity has not provided a waiver, these materials will be marked and discussed with opposing counsel, with optional consultation with the United States, to see if an amicable resolution of any continuing privilege claim may be resolved. Issues of attorney-client communications and nature, extent and scope of work product privileges will be resolved by the application of federal law. Any disputes over the resolution of any claim of attorney-client and/or work product privilege will be resolved by application of Fed. R. Evid. 502. Any party can move at any time to modify the terms of this Order.

11. Unless otherwise ordered, the materials subject to this protective order (Exhibit A) shall be destroyed by both Plaintiffs and Defendants at the conclusion of this civil litigation.

12. Any willful violation of this protective order may result in the imposition of terms and sanctions as determined by the Court.

Dated this 17th day of June, 2010

*s/Lonny R. Suko*

_____
Lonny R. Suko
Chief United States District Judge

PROTECTIVE ORDER RE: GOVT.'S DISCLOSURE OF CRIMINAL DISCOVERY TO CIVIL LITIGANTS (i.e., Non-Rule 6(e)/302 Disclosures)
page 4

P60317tr.TDA.wpd

PROTECTIVE ORDER RE: GOVT.'S DISCLOSURE OF CRIMINAL DISCOVERY TO CIVIL LITIGANTS (i.e., Non-Rule 6(e)/302 Disclosures) page 5

P60317tr.TDA.wpd



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Washington*

Suite 340 Thomas S. Foley U. S. Courthouse  (509) 353-2767
P. O. Box 1494                              Fax (509) 353-2766
Spokane, Washington 99210-1494

December 9, 2009

Mr. Carl Oreskovich, Esq.
Etter, McMahon, Lamberson, Clary & Oreskovich, P.C.
Bank of Whitman Building, Second Floor
618 West Riverside Avenue
Spokane, WA 99201

Re:   Zehm Estate, et al, v. Thompson, Spokane P.D., et al, and
      <u>UNITED STATES v. KARL F. THOMPSON, JR.</u>
      * *Judge Suko's Order of Stay & Authorization of Limited
      Discovery Disclosures of Criminal Case Materials.*

Dear Carl:

    Pursuant to Judge Suko's October 26, 2009, Order directing the United States to outline proposed disclosures of certain criminal case discovery materials, and my recent e-mails to you and our phone conversation, I have identified below the proposed discovery disclosures falling within the parameters of Judge Suko's Order.

    Along these lines, these proposed disclosures do not include Rule 6(e) grand jury materials (i.e., grand jury transcripts, etc.) or FBI 302 reports, and have limited expert disclosures (i.e., Mr. Fredericks's reports). Please review the proposed disclosures provided below and get back to me with your stipulation/comments at your earliest convenience.

| Disk # | Description |
|---|---|
| 1 | Spokane Police Department (SPD) Patrol Division & Major Crimes Unit's Reports re: Otto Zehm's alleged assaults and In-Custody Death (2006-2007); |

| | |
|---|---|
| 2 | Spokane Police Department's Policies & Procedures (2006); |
| 3 | SPD's background investigation of Karl Thompson (1997); |
| 4 | SPD's personnel file on Karl Thompson (2006) |
| 5 | SPD Field Training Officer reviews of Karl Thompson (1998); |
| 6 | SPD Training Records of Karl Thompson (2006); |
| 7 | SPD Specialty Team Records on Karl Thompson (2006); |
| 8 | SPD Shift Records (2006); |
| 9 | SPD Media Disclosures and Media Reports following Otto Zehm's March 2006 in-custody death; |
| 10 | SPD Crime Scene photographs following Otto Zehm's March 18, 2006 in-custody death at the North Division Zip Trip convenience store, Spokane; |
| 11 | Zip Trip Crime Scene photos; |
| 12 | Zehm Autopsy & PD photos; |
| 13 | Zehm ME Autopsy photos; |
| 14 | Fredericks video analysis & rpt. (9/06); |
| 15 | Fredericks DVD of VHS overlay; |
| 16 | PowerPoint photos of Camera #1; |
| 17 | PowerPoint photos of Camera #2; |
| 18 | PowerPoint photos of Camera #3; |
| 19 | PowerPoint photos of Camera #4; |
| 20 | Zip Trip security video #1 of 2; |
| 21 | Zip Trip security video #2 of 2; |
| 22 | 911 (redact) & Dispatch & Cams #1 & 2; |
| 23 | 911 call (uncompressed); |
| 24 | Dispatch Radio audio (uncompressed); |
| 25 | Post incident scene video; |
| 26 | Off. Thompson recorded interview; |
| 27 | Off. Braun recorded interview; |
| 28 | LAPD Records, Kootenai County Records, In-service Training Manual, Thompson Police Chief App, Thompson Police Chief Add, Car to Car texts, SPD Markup, Sgt. Torok Reviews of Officer Thompson; |
| 29 | E-252 Car to Car Text messages; |
| 30 | KREM-2 (Zehm News Video); |
| 31 | KREM-2 (Chief Nicks Raw Interview); |
| 32 | KREM-2 (Rocky Treppiedi Interview); |

| | |
|---|---|
| 33 | KREM-2, Audio Clip (Chief Nicks Interview); |
| 34 | Spokes. Review, Audio Clip (Chief Nicks Interview); |
| 35 | KREM-2 (News Clips); |
| 36 | Newspaper Articles; |
| 37 | Zip Trip Store Blue Prints; |
| 38 | Enhanced Video Angles; |
| 41 | CART Still Images (3 of 3); |
| 42 | Four Camera Angle Quad Still Photographs taken from video; |
| 43 | Select Still Photographs - Camera angles 1, 2, and 4 taken from video; |
| 44 | FBI Lab Zip Trip Drawings; |
| 45 | Total Station; |
| 46 | Surveillance Video Zip Trip 1 of 2 (SPD McGregor); |
| 47 | Surveillance Video Zip Trip 2 of 2 (SPD McGregor); |
| 48 | Washington Trust ATM Video (SPD McGregor); |
| 49 | Evidence Photographs Zip Trip (SPD McGregor); |
| 50 | Grant Fredericks' DVD of VHS Audio/Video overlay; |
| 51 | SPD Conversion of Open Eye and Investigator Work; |
| 52 | Audio and Video Timeline (Grant Fredericks); |
| 53 | Zip Trip Photographs (Spokane Fire Department); |
| 54 | 911 Call Redacted Radio Dispatch; |
| 57 | Records and Exhibits (used in Grand Jury); |
| 59 | Otto Zehm CAT Scan; |
| 60 | Zehm Records and Tests from Deaconess Medical Center (1 of 2); |
| 61 | Zehm Records and Test from Deaconess Medical Center (2 of 2); |
| 62 | Deaconess Radiology; |
| 63 | Fredericks Report; |
| 65 | Medical Records (Grand Jury) *(Deaconess, Life Centers NW, Otterholt AMR 1 &2, Zehm Dental Records)*; |
| 66 | Aiken - Zehm Medical Examiner Records; |
| 67 | Spokane Fire Department Records *(Ness, Griffith, Jensen-Lee, Giampetri, Cappellano, Wood)*; |
| 68 | Zehm Financial (Grand Jury) and SCSO Records *(Global Credit Union, WA Trust Bank, Marske, Dewey, Boniecki)*; |
| 69 | SPD and Related Investigation Records *(Nicks, Johnson, Anderson, Affidavits, Ferguson)*; |
| 70 | SPD Det. Ferguson *(Disk 1 of 3)*; |
| 71 | SPD Det. Ferguson *(Disk 2 of 3)*; |

December 9, 2009
Page 4

| | |
|---|---|
| 72 | SPD Det. Ferguson *(Disk 3 of 3)*; |
| 73 | SPD Unit Histories; |
| 74 | SPD Records *(McGregor - Disk 1 of 6)*; |
| 75 | SPD Records *(McGregor - Disk 2 of 6)*; |
| 76 | SPD Records *(McGregor - Disk 3 of 6)*; |
| 77 | SPD Records *(McGregor - Disk 4 of 6)*; |
| 78 | SPD Records *(McGregor - Disk 5 of 6)*; |
| 79 | SPD Records *(McGregor - Disk 6 of 6)*; |
| 80 | City of Spokane Records, Fredericks Records Disclosure; Treppiedi Disclosures; SPD Use of Force Training Records; Brakel Records, Moberly Records; |
| 81 | Moberly Records; |
| 88 | PPT Media Coverage; |
| 89 | Still Photos of Ty Johnson *(PPT)*; |
| 90 | Still Photos of Erin Raleigh *(PPT)*; |
| 91 | Still Photos of Joe Walker *(PPT)*; |
| 92 | Still Photos of Dan Strassenburg *(PPT)*; |
| 93 | Still Photos of Dan Torok *(PPT)*; |
| 94 | Still Photos of Mark Burbridge *(PPT)*; |
| 95 | Still Photos of Tim Moses *(PPT)*; |
| 96 | Still Photos of Zachary Dahle *(PPT)*; |
| 97 | Grant Fredericks -Forensic Video Solutions *(Emails)*; |
| 98 | SFD Articles re Trauma from Tasers & Restraints for Aggressive/Violent Patients; |
| 99 | Taser International Video Training; |
| 100 | SPD (Ferguson) Felch Investigation File; |
| 101 | SPD IA Files on Thompson *(Garrity previewed)*; |
| 102 | Records/Exhibits *(Schaal, SPD Addtl. Boothe, Giannetto)*; |
| 103 | SFD EMS Incident Report, AMR Pre-Hospital Report, SFD Field Information Report, SFD Information Notice re Taser, Lee email, SPD Incident Report, Handwritten Notes *(Johnson, Giannetto, Giampetri, Anderson records)*; |
| 109 | Grand Jury Records *(Haley, McMullen, Ferguson)*; |
| 110 | Grand Jury Records & Exhibits *(SPD Electronic Emails Directory, Mailbox Restore Directory, Peterson Supervisor's Log, Ferguson Performance Review, Miller Performance Review, Raleigh, Strassenberg, Wood)*; |

December 9, 2009<br>Page 5

| | |
|---|---|
| 111 | SPD E-Mailbox Restore *(1 of 5)*; |
| 112 | SPD E-Mailbox Restore *(2 of 5)*; |
| 113 | SPD E-Mailbox Restore *(3 of 5)*; |
| 114 | SPD E-Mailbox Restore *(4 of 5)*; |
| 115 | SPD E-Mailbox Restore *(5 of 5)*; |
| 116 | SPD Emails sent/received *(17 SPD employees)*; |
| 117 | SPD Emails sent/received *(Brakel - 1 of 3)*; |
| 118 | SPD Emails sent/received *(Brakel - 2 of 3)*; |
| 119 | SPD Emails sent/received *(Brakel - 3 of 3)*; |
| 120 | SPD Internet User History; |
| 121 | Thompson Application for SPD Police Chief position *(January 2008)*; |
| 122 | SPD Command-Employee "mark-up" and Officer Thompson Unit History computer records, Cabelli Testimony Qualification Sheet, Skaluba CV, Emails *(Raleigh, Jensen, Madison, Wuthrich)*, Zehm NCIC, Thompson Use of Force History, Exhibit Continuity Report, Zip Trip incident Report, SPD News Releases; |

  My proposal to procedurally accomplish the discovery disclosure provided for by Judge Suko's Order is to bring a motion in the criminal case approving the limited discovery disclosure to the civil litigants. My contemplated stipulated Order from Judge Van Sickle authorizing the disclosure of these materials, except for Rule 6(e) materials, will be consistent with and will fulfill Judge Suko's Order. After securing Judge Van Sickle's Order, I suggest a second stipulated motion be submitted to Judge Suko that restricts the use of the disclosed materials to the civil case and makes all disclosed materials subject to the same protective orders that have already been issued by Judge Van Sickle in the criminal case. Obviously, the civil litigants can reserve the right to seek whatever modification they want of the current protective orders (to be entered in the civil case) once the criminal case is resolved.

  Please review the foregoing at your earliest convenience and get back to me so that we can satisfy our discovery obligation under Judge Suko's Order granting a stay in the civil case but authorizing limited discovery (records) disclosures.

December 9, 2009<br>Page 6

Thank you for your cooperation and assistance in this regard.

                        Very truly yours,

                        James A. McDevitt<br>
                        United States Attorney

                        Timothy M. Durkin<br>
                        Assistant United States Attorney

TMD:jj

cc:    Jeffrey Finer, Esq.<br>
        Victor Boutros, Esq.

<u>Exhibit A</u>